In the Matters of E–FILING IN IN-FRACTION AND ORDINANCE VIO-LATION CASES and Amendment of Trial Rule 77.

No. 94S00–1701–MS–5.

Supreme Court of Indiana.

Jan. 4, 2017.

Order

LORETTA H. RUSH, Chief Justice.

On April 12, 2016, this Court issued an Order authorizing the electronic filing of initial information and pleadings in criminal case types through interim solutions for the Odyssey and JTS case management systems. The Court has been advised that it is now possible to file the initial complaint and pleadings in infraction and ordinance violation case types electronically, using the same interim solutions for the Odyssey and JTS case management systems.

The Court approves these interim solutions to accommodate filing of initial complaint and pleadings in infraction and ordinance violation cases after civil E–Filing has successfully commenced in a given county, as determined by the Steering Committee.

Further, the Court has determined that the requirement found in Trial Rule 77(B) that attorney numbers appear on the Chronological Case Summary is no longer necessary provided that information is available elsewhere in the case management system.

IT IS, THEREFORE ORDERED that, until further Order of the Court, the aforementioned interim solutions are authorized to receive and transmit initial E–Filing submissions in infraction and ordinance violation case types to the appropriate case management systems. These interim solutions shall operate under the direction and control of the Steering Committee, and may commence only after civil E–Filing has successfully commenced in a given county, as determined by the Steering Committee. The Court and the parties understand that the Steering Committee will terminate these interim solutions once the E-filing Manager purchased by the Court is able to accommodate initial complaint and pleadings in infraction and ordinance violation case types.

IT IS FURTHER ORDERED that Trial Rule 77(B) be amended as follows:

**(B) Chronological Case Summary (CCS).** For each case, the clerk of the circuit court shall maintain a sequential record of the judicial events in such proceeding. The record shall include the title of the proceeding; the assigned case number; the names, addresses (including electronic mail address), telephone, *and* facsimile, and attorney numbers of all attorneys involved in the proceeding, or the fact that a party appears pro se with address (including electronic mail address), telephone, and facsimile number of the party so appearing; and the assessment of fees and charges (public receivables). The judge of the case shall cause CCS entries to be made of all judicial events. Notation of judicial events in the CCS shall be made promptly, and shall set forth the date of the event and briefly define any documents, orders, rulings, or judgments filed or entered in the case. The date of every notation in the CCS should be the date the notation is made, regardless of the date the judicial event occurred. The CCS shall also note the entry of orders, rulings and judgments in the record of judgments and orders, the notation of judgments in the judgment docket, and file status (pending/decided) under section (G) of this rule. The CCS may be kept in a paper format, or microfilm, or electronically. The CCS is an official record of the trial court and shall

be maintained apart from other records of the court and organized by case number, if maintained in a paper or microfilmed format.

This amendment shall take effect on the date of this Order.

All Justices concur.